UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRAIG BROWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-2325-EFM-GEB |
| ) | |
| UNITED NATIONAL INSURANCE ) | |
| COMPANY and JACE KIRK, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter comes before the Court on Defendant United National Insurance Company's Motion to Align Intervenors Terry and Kristen Presta as Plaintiffs ("Motion") (ECF No. 15). United National Insurance Company ("United National") seeks clarification of the Court's prior Order (ECF No. 13) granting Terry and Kristen Presta's Motion to Intervene as uncontested and seeks to align the Prestas with Plaintiff Craig Browning. United National filed its Motion on August 1, 2025 making the deadline for response August 15, 2025. No response in opposition has been filed. For the following reasons, the Court **GRANTS** United National's unopposed Motion **(ECF No. 15)**.

**I.      Background[1]**

The parties involved in this case have been involved in multiple lawsuits both in the Kansas state courts and in this Court all related to alleged construction defects in the Prestas' new home and any insurance coverage for same. On November 1, 2023, the Prestas filed a Petition for Damages in the District Court of Miami County, Kansas against Craig Browning, Browning Development LLC, and others claiming defective construction of their new home (2023-cv-300006). United National initially, subject to a reservation of rights, provided a defense to Mr. Browning and Browning Development, LLC in that matter.

After United National denied coverage to Browning Development LLC and to Craig Browning in his capacity as a member or manager of Browning Development LLC, on July 30, 2023, the Prestas filed a First Amended Petition adding Browning Homes LLC as a Defendant and adding a new alter ego claim (2023-cv-300006). United National, again subject to a reservation of rights, agreed to defend Browning Homes LLC and Craig Browning as member or manager of Browning Homes LLC on this claim.

Sometime thereafter, purportedly without providing notice to United National, the Prestas and Craig Browning entered into an agreement to arbitrate the Prestas' claims regarding construction of their home. On March 31, 2025, again purportedly with no notice

---

[1] Unless otherwise indicated, the information set forth in this section is taken from United National's Motion. This background information should not be construed as judicial findings or factual determinations.

2

to United National, they arbitrated the Prestas' claims. On April 10, 2025 the arbitrator issued his award in favor of the Prestas. Four days later on April 14, 2025, the Prestas filed Plaintiff's Application to Confirm Arbitration Award and Enter Judgment in the District Court of Miami County, Kansas (2025-cv-000053). Just days after on April 16, 2025, the Prestas dismissed their alter ego claims against Browning Development LLC and Craig Browning. And on April 25, 2025 Judgment to Confirm Arbitration Award was entered. The alter ego claims against Browning Homes LLC remain but the action is stayed on the joint request of the parties.

On May 29, 2025 Craig Browning filed a Petition for Damages in the District Court of Miami County, Kansas (25-cv-000078) against United National and insurance agent Jace Kirk. Mr. Browning alleges breach of contract due to bad faith failure to defend and bad faith refusal to settle against United National and negligent misrepresentation against Mr. Kirk. It is this case which was removed from Miami County, Kansas District Court on June 16, 2025.[2] Kristen and Terry Presta filed their Motion to Intervene in Miami County, but it was not decided prior to removal.[3] They sought to intervene as a matter of right, or in the alternative sought permissive intervention. After the time for response ran without opposition, the Court granted the Presta's Motion to Intervene (ECF No. 8) as uncontested on July 23, 2025.[4] United National filed the current Motion on August 1, 2025. No response in opposition was filed to United National's motion.

---

[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 13.

**II.      Motion to Align Intervenors Terry and Kristen Presta as Plaintiffs**

United National asks the Court to align Terry and Kristen Presta as Plaintiffs in this matter. Additionally, they seek clarification regarding the Court's previous Order granting as unopposed the Prestas' Motion to Intervene specifically seeking a clarification regarding whether the Prestas were permitted to intervene as a matter of right and it requests a deadline for the Prestas to file a pleading, as intervenors, asserting their claims against United National.

The Court will first address United National's request for clarification regarding whether the Prestas were permitted to intervene as a matter of right or whether they were allowed based upon permissive intervention. The Prestas primarily sought to intervene as a matter of right. "Regarding intervention as a matter of right, Fed. R. Civ. P. 24(a)(2) provides, "[o]n a timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[5] "A motion to intervene ... must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[6] "The Tenth

---

[5] *Medtronic, Inc. v. U.S. Dep't of Veterans Affs.,* No. 23-2497-DDC, 2024 WL 3360500, at *2 (D. Kan. July 10, 2024) (quoting Fed. R. Civ. P. 24(a)).
[6] *Id.* (quoting Fed. R. Civ. P. 24(c)).

4

Circuit 'has historically taken a liberal approach to intervention [of right] and thus favors the granting of motions to intervene.'"[7]

The Prestas Motion to Intervene complied with Fed. R. Civ. P. 24(c). It attached its Request for Garnishment to its motion. "Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties."[8] The Court finds the Pretas motion was timely, being filed prior to the removal of the action to District Court; the Prestas as judgment creditors of Craig Browning have an interest in the insurance proceeds which are the subject of this action; and as non-parties the Prestas' "ability to protect their interests would be impaired or impeded by their absence from the litigation."[9] With all elements under Fed. R. Civ. P. 24(a)(2) met and with no objection to the Prestas request to intervene as a matter of right, the Court finds the Prestas intervention is as a matter of right. The Court will next move to the alignment of the parties.

The Tenth Circuit follows the substantial-conflict test to determine the alignment of intervenors.[10] To align the parties, the Court determines whether there is an "actual and

---

[7] *Id.* (quoting *Everest Indemnity Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 332 (10th Cir. 2020)).
[8] *Id.* at *3 (quoting *Huff v. CoreCivic, Inc.*, No. 17-2320-JAR, 2020 WL 430212, at *2 (D. Kan. Jan. 28, 2020)).
[9] *Estate of Taylor by and through Castleberry v. Fanuc America Corp.*, 20-1361-KHV, 2021 WL 5758493, at *2 (D. Kan. Dec. 3, 2021).
[10] *Price v. Wolford*, 608 F.3d 698, 705 (10th Cir. 2010) (citing *Farmers Alliance Mutual Ins. Co. v. Jones*, 570 F.2d 1384 (10th Cir. 1978)); *Roth v. Builders Stone & Masonry Inc.*, No. 19-2747, 2020 WL 7480399, at *2 (D. Kan. Dec. 18, 2020).

substantial conflict" with the party on the other side.[11] Here, the Prestas and Craig Browning worked together, without purportedly notifying United National, who provided a defense to Mr. Browning and Browning Homes, LLC, to arbitrate the claims between Mr. Browning and the Prestas. The arbitrator found the contract and subsequent invoices erroneously referred to Browning Development, LLC instead of Browning Homes, LLC.[12] The Prestas had their arbitration confirmed in the District Court of Miami County, Kansas. And just two days later, dismissed their claims against Browning Development LLC and Craig Browning in his capacity as a member or manager of Browning Development, LLC but left the alter ego claims against Browning Homes LLC, for which United National was still providing a defense, in the case.

Based upon the judgment confirming the arbitration award, the Prestas claim they are judgment creditors of Craig Browning and are entitled to any proceeds in this action recovered from United National from available insurance coverage or from any damages arising from United National's failure to defend or settle the underlying claims. United National alleges the arbitration award is not enforceable;[13] it has no duty to defend or indemnify;[14] and denies there is any insurance coverage for Mr. Browning.[15] The Court

---

[11] *Price*, 608 F.3d at 705 (citing *City of Indianapolis v. Chase Nat'l Bank of New York*, 314 U.S. 63, 69 (1941).
[12] Motion to Intervene – ECF No. 8 at 3.
[13] Answer – ECF No. 14 at 10-11.
[14] *Id.* at 14.
[15] *Id.* at 20.

finds an actual and substantial conflict between the Prestas and United National and aligns the Prestas with Plaintiff Craig Brown.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Defendant United National Insurance Company's Motion to Align Intervenors Terry and Kristen Presta as Plaintiffs **(ECF No. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** the Prestas shall file their Request for Garnishment, modified to include the caption of the case in this Court, no later than **November 3, 2025**.

**IT IS SO ORDERED.**

Dated this 27th day of October 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
