### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

CRAIG BROWNING,

   *Plaintiff*,

v.

                Case No. 25-cv-2325-EFM-GEB

UNITED NATIONAL INSURANCE
COMPANY and JACE KIRK,

   *Defendants*.

## MEMORANDUM AND ORDER

Plaintiff Craig Browning brought this lawsuit against Defendants United National Insurance Company ("UNIC") and Jace Kirk in the District Court of Miami County, Kansas. He asserts two claims against UNIC and one claim against Kirk. UNIC removed the case to this Court based on diversity jurisdiction. In its removal, UNIC acknowledges that Browning and Kirk are non-diverse parties but argues that Kirk is fraudulently joined in the action because Browning cannot establish a cause of action against Kirk. Browning has now filed a Motion to Remand (Doc. 11) arguing that his claim against Kirk is valid, and thus the Court lacks diversity jurisdiction and the case should be remanded. For the reasons stated in more detail below, the Court grants Browning's Motion.

### I.    Factual and Procedural Background[1]

Plaintiff Browning resides in Paola, Kansas, and he is the owner and sole operator of Browning Homes, LLC. Defendant Kirk also resides in Paola. Kirk, acting in the course and scope of his employment with Defendant UNIC, sold a commercial liability insurance policy to Browning for Browning Homes, LLC. UNIC insured Browning Homes, LLC and Browning, as its owner and sole operator, through this policy. The policy was in effect from March 29, 2022 through March 29, 2023. Browning's policy provides coverage to him and Browning Homes, LLC for property damage that results from an occurrence, defined to mean an accident.

In April 2022, Terry and Kristen Presta contracted with Browning, acting through Browning Homes, LLC for the construction of a single-family home in Kansas. The contract and subsequent invoices erroneously referred to Browning Development, LLC instead of Browning Homes, LLC. This error was due to Browning's failure to update paperwork to reflect the formation of his new business entity.

At all times, Browning had exclusive control over the hiring and managing of all sub-contractors for work performed on the Presta's home. Browning hired Precision Service Company, Inc. to perform the framing work of the house. Precision did not properly frame the home to the specification outlined in the agreed upon plans and did not complete work in a workmanlike manner. Thus, the property was not constructed or delivered as contracted for and has substantial structural and aesthetic deficiencies. Due to the deficiencies, the house was unsalvageable and had

---

[1] The facts in this section are primarily taken from Plaintiff's Petition. In addition, the Court sets forth the factual and procedural background of an underlying state court case and a related declaratory judgment case filed by UNIC currently pending before this Court. The Court will address those cases and the procedural aspects of them in more detail below.

to be demolished. In addition, Browning failed to properly arrange, contract for, and oversee the construction of an intended pond. To date, the pond has not been delivered to the Prestas.

UNIC was made aware of a pending claim regarding these deficiencies by July 26, 2023. The Prestas filed suit in state court against Browning in November 2023, naming Browning and Browning Development, LLC as defendants (the "Original Petition"). The Original Petition was forwarded to UNIC on January 8, 2024, and UNIC initially hired counsel and defended Browning and Browning Development, LLC.

On June 25, 2024, UNIC reversed course and denied coverage, in part, because the allegations concerned Browning Development, LLC who was not a named insured in the insurance policy. In August 2024, the Prestas were granted leave to file an amended petition (the "Amended Petition"), which added claims against Browning FBA, LLC f/k/a Browning Homes, LLC and Browning as its owner operator.[2] The Amended Petition was tendered to UNIC on August 20, 2024.

On August 28, 2024, UNIC sent two letters to Browning. The first letter denied coverage for all claims against Browning Development, LLC and all claims against Browning as a manager or member of Browning Development, LLC. The second letter outlined UNIC's position that no coverage exists for Browning Homes, LLC or Browning, as its member or manager, but that subject to its reservation of rights, it would offer a defense to both. Browning contends that UNIC did not retain counsel for Browning and never entered an appearance on behalf of Browning. Thus, Browning was left without insurance-hired defense counsel, and he sought resolution of the claims himself.

---

[2] The insurance policy was issued to Browning Homes, LLC. On or about January 20, 2023, Browning changed its name from Browning Homes, LLC to Browning FBA, LLC. The Prestas therefore named Browning FBA, LLC f/k/a Browning Homes, LLC.

Browning consented to arbitration with the Prestas to resolve the outstanding issues. While the case brought by the Prestas against Browning (and others) was proceeding in state court, UNIC filed a Declaratory Judgment Action in this Court on March 27, 2025.[3] UNIC brought suit against Browning; Browning Development, LLC; Browning FBA LLC, f/k/a Browning Homes LLC; Terry Presta; and Kristen Presta. UNIC seeks rescission of the insurance policy or, in the alternative, a declaratory judgment establishing that UNIC does not have a duty to defend nor indemnify Browning Development, LLC; Browning FBA, LLC f/k/a Browning Homes, LLC, or Browning in the Prestas' case.

Arbitration in the Prestas' state case was held on March 31, 2025, in front of the Honorable Judge Edward Sweeney between the Prestas and Browning. At the conclusion of arbitration, Judge Sweeney made several findings, including: (1) the contract and subsequent invoices erroneously referred to Browning Development, LLC instead of Browning Homes, LLC; (2) the proper entity was Browning Homes, LLC; (3) the name of the entity was not a material term to the contract; (4) Browning was working in the course and scope of his employment of Browning Homes, LLC as its owner and sole operator; (5) Browning failed to properly investigate, oversee, or manage the hired sub-contractors or perform work in a workmanlike manner; (6) due to the seriousness of the structural deficiencies and the failure to deliver the property as promised, the home is unsalvageable and must be demolished to serve its intended purpose; and (7) the construction contract provides that any party in default will owe reasonable attorney fees. Judge Sweeney found in favor of the Prestas and against Browning and assessed damages in the amount of

---

[3] Case No. 25-2158.

$2,002,887.80.[4] The arbitration award was confirmed on April 28, 2025, and judgment was entered against Browning. Thus, Browning has a final and binding judgment against him.

On May 29, 2025, Browning filed this Petition in Miami County, Kansas (the "Browning State Court Action"). Browning asserts two claims against UNIC: (1) breach of contract – bad faith failure to defend, and (2) bad faith refusal to settle. As to the first claim, Browning alleges that the policy provides coverage for the underlying claims, and no exclusion bars coverage. He contends that UNIC's actions and omissions were deliberate choices and a breach of the insurance policy. As to the second claim, Browning alleges that the policy grants to UNIC the exclusive right to contest or settle any claim. He alleges that UNIC had a duty to engage in good faith in settling any claim against Browning and had a duty to protect Browning's financial interests. He claims that UNIC breached its obligation of good faith and fair dealing and acted in bad faith in numerous ways.

Browning also asserts a claim of negligent misrepresentation against Kirk. He alleges that Kirk had actual or constructive knowledge of his businesses (Browning Development, LLC and Browning Homes, LLC) and their respective business activities and insurance needs. Browning alleges that Kirk owed a duty of reasonable care to Browning in obtaining appropriate coverage concerning the scope, limitations, and conditions of such coverage. He alleges that Kirk breached that duty and negligently misrepresented or failed to inform Browning as to the scope and limitations of the policy in several areas. Browning alleges that he relied on Kirk's representations and/or omissions and believed that he had coverage through the policy for the work performed under his construction contract with the Prestas. He claims that, due to Kirk's negligent

---

[4] Browning and Browning Development were dismissed from the case without prejudice, but Browning FBA, LLC f/k/a Browning Homes, LLC remains.

misrepresentations and/or concealment, Browning was denied coverage/defense and has suffered financial and emotional damages.

On May 30, 2025, Browning and the Prestas filed motions to dismiss in the Declaratory Judgment Action pending before this Court. Those motions remain pending and will be addressed in a separate order in that case after the resolution of the Motion to Remand in this case.

On June 12, 2025, the Prestas filed a motion to intervene in the Browning State Court Action to assert a claim for equitable garnishment.[5] On June 16, 2025, UNIC removed the Browning State Court Action to this Court on the basis of diversity jurisdiction. UNIC stated that Kirk's citizenship of Kansas should be disregarded for jurisdictional purposes because Browning cannot state a claim against Kirk.[6] Browning has now filed a Motion to Remand asserting that he properly states a claim against Kirk, and thus the Court lacks diversity jurisdiction.

## II.    Legal Standard

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[7] Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that each defendant is a resident of a different state than each plaintiff.[8]

The party requesting removal has the burden of establishing the federal court's jurisdiction.[9] "Removal jurisdiction over diversity cases is more limited than jurisdiction over

---

[5] The Prestas also filed a Motion to Intervene in this Court after UNIC removed the case. The Prestas' motion was granted (Doc. 13), and they are aligned with Browning (Doc. 19).

[6] The Court notes that Kirk did not join in UNIC's Notice of Removal on June 16, 2025, nor file his own motion to dismiss. In addition, Kirk did not file a response to Browning's Motion to Remand. Instead, he filed an Answer on July 21, 2025.

[7] 28 U.S.C. § 1441(a).

[8] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

[9] *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1084–85 (D. Kan. 2006).

diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought."[10] "Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction."[11] If there are any doubts regarding the federal court's jurisdiction, the court must resolve these doubts in favor of remand.[12]

A plaintiff, however, cannot defeat the right of removal by fraudulently joining a non-diverse defendant who has "no real connection with the controversy."[13] "Fraudulent joinder is a term of art; it does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant."[14] "[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[15]

The party seeking removal and asserting fraudulent joinder has a heavy burden.[16] To establish fraudulent joinder, the removing party must establish that "there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court."[17] All disputed questions of fact or ambiguities in law must be resolved in favor of the non-removing party.[18] Remand is required if there is the possibility of the viability of any of the claims against

---

[10] *Id.* at 1085.

[11] *Lowe v. Postrock Midcontinent Prod. LLC,* 2013 WL 6000004, at *2 (D. Kan. Nov. 12, 2013) (quotation marks and citation omitted).

[12] *Id.*

[13] *Id.* (citation omitted).

[14] *Id.*

[15] *Wolf Creek*, 416 F. Supp. 2d at 1085.

[16] *Dutcher,* 733 F.3d at 988.

[17] *Montano v. Allstate Indem.*, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

[18] *Id.*

the non-diverse defendant.[19] "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal."[20]

### III.  Analysis

Browning contends that this Court should remand this case to state court because the Court lacks diversity jurisdiction. He states that both he and Defendant Kirk are residents of Kansas, and he states a valid claim against Kirk. UNIC argues that Browning fraudulently joined Kirk because he does not state a valid claim against him, and thus Kirk's citizenship should be disregarded.

Browning asserts one claim against Kirk—negligent misrepresentation. Thus, the Court must consider whether Browning adequately states this claim against Kirk.[21] Kansas law sets forth a negligent misrepresentation claim as:

> One who, in the course of any transaction in which he or she has a pecuniary interest, supplies false information for the guidance of another person is liable for damages suffered by such other person caused by reasonable reliance upon the false information if: (1) the person supplying the false information failed to exercise reasonable care or competence in obtaining or communicating the false information; (2) the person who relies upon the information is the person for whose benefit and guidance the information is supplied; and (3) the damages are suffered in a transaction that the person supplying the information intends to influence.[22]

Here, Browning alleges these elements. First, he alleges that Kirk held himself out as qualified to assist and guide Browning in obtaining appropriate commercial liability insurance coverage for Browning's homebuilding operations. In addition, he alleges that Kirk had actual or constructive knowledge of Browning's businesses—both Browning Development, LLC and

---

[19] *Id*. at *2.

[20] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991).

[21] Both parties discuss—and disagree—whether Browning states a claim for failure to procure insurance. In the Browning State Court Action, Browning asserts one claim against Kirk and entitles that claim as negligent misrepresentation. Thus, the Court will only consider whether Browning states a claim for negligent misrepresentation.

[22] *Stroud v. Ozark Nat'l Life Ins. Co.*, 320 Kan. 180, 564 P.3d 725, 740 (2025) (quoting *Stechschulte v. Jennings*, 297 Kan. 2, 298 P.3d 1083, 1097–98 (2013)).

Browning Homes, LLC—and their respective business activities and insurance needs. Next, he alleges that Kirk negligently misrepresented or failed to inform Browning as to the scope and limitations of the policy in numerous areas, including whether the insurance coverage applied to Browning and Browning's businesses. Thus, these allegations meet the first element of a negligent misrepresentation claim.

As to elements two and three, Browning alleges that he was the person for whose benefit and guidance the information provided by Kirk was intended. In addition, he alleges that he relied upon Kirk's representations and omissions and believed that he had insurance coverage for the work Browning was performing under his construction contract with the Prestas. Finally, Browning alleges that he suffered damages as a result of Kirk's negligent misrepresentations and/or concealment by being denied coverage and defense under the insurance policy.

UNIC asserts multiple arguments as to why Browning fails to state a negligent misrepresentation claim against Kirk including that Browning fails to plead enough facts, he cannot assert alternative bases in the claim, he fails to include sufficient factual information as to the time and place of the false information, and that he fails to establish that he reasonably relied on purported false information. As noted above, there are sufficient facts to state a claim. In addition, pleading in the alternative is an acceptable practice.[23] Furthermore, UNIC's arguments as to the lack of specificity of the false information improperly attempts to place a heightened fraudulent pleading standard onto this claim.[24] And, finally, UNIC's arguments as to Browning's

---

[23] *See* Fed. R. Civ. P. 8(d)(2) (stating that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

[24] *See UMB Bank, N.A. v. Monson*, 2025 WL 1580894, at *8 (D. Kan. June 4, 2025) (noting that a negligent misrepresentation claim is not subject to the heightened pleading standard for fraud claims under Fed. R. Civ. P. 9) (citing *Graphic Techs., Inc. v. Pitney Bowes Inc.*, 998 F. Supp. 1174, 1178 (D. Kan. 1998)).

reliance are directed more toward factual issues than pleading deficiencies. Thus, the Court concludes that Browning adequately states a claim against Kirk.

In sum, because Browning adequately states a claim against Kirk, he is not fraudulently joined. Complete diversity, therefore, does not exist between the parties. Accordingly, this case must be remanded to state court.

**IT IS THEREFORE ORDERED** that Plaintiff Browning's Motion to Remand (Doc. 11) is **GRANTED**. This case is remanded to state court.

**IT IS SO ORDERED.**

Dated this 10th day of December, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE